IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0096 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging a May 11, 2004 prison disciplinary proceeding and the resultant loss of previously earned good time credits. Petitioner predominantly challenges, however, his re-classification to administrative segregation. The disciplinary proceeding took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner remained incarcerated in the Clements Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Inquiry to the Texas Department of Criminal Justice, Correctional Institutions Division, reveals petitioner is in

respondent's custody pursuant to a December 7, 1990 conviction for the felony offense of murder with a deadly weapon out of El Paso County, Texas, and the resulting 45-year sentence. In his habeas application, petitioner acknowledges there was a finding that he used or exhibited a deadly weapon, and that he is not eligible for mandatory supervised release. Petitioner is <u>not</u> eligible for mandatory supervised release due to his conviction for murder and, thus, may not challenge the prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus. *See* Tex. Gov't Code § 508.149(a)(2).

To the extent petitioner challenges his re-classification to administrative segregation, such claim does not present a proper ground for federal habeas corpus review. The Due Process Clause of the United States Constitution is not implicated by a change in the conditions of a petitioner's confinement. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Only liberty interests, whether inherent or state-created, are protected by the Due Process Clause. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). These liberty interests are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), or state created regulations or statutes which affect the *quantity* of time rather than the *quality* of time served by a prisoner. *Madison*, 104 F.3d at 767. Here, petitioner's placement in administrative segregation did not "impose [] atypical and significant hardship on [petitioner] in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. at 484; *see also Cagle v. Anderson* 2001 WL 274476, *1 (5th Cir. 2001). Nor will petitioner's confinement in administrative segregation "inevitably" affect the duration of his sentence since the decision to release a prisoner on parole "rests on a myriad of considerations." *See Sandin v.*

*Conner*, 515 U.S. at 487.  The possibility that petitioner's confinement in administrative segregation would affect when he was ultimately released from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." *Id*.  Petitioner's federal habeas application should be denied.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MIGUEL ANGEL GONZALEZ be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of August 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any

objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).